UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSOKE ROBINSON,

    Plaintiff,

v.

JAMES WHITE, Chief of Police for the
City of Detroit, and DION CORBIN, and
Nine Unknown named Police Officers
Of the Detroit Police Department,

    Defendants.

Case No. 2:23-cv-12676-FKB-APP
District Judge: F. Kay Behm
Magistrate Judge: Anthony P. Patti

---

| | |
|---|---|
| MARK H. MAGIDSON (P25581) | BEN PATTERSON (P85118) |
| Attorney for Plaintiff | CITY OF DETROIT LAW DEPARTMENT |
| One Park Avenue, Suite 1207 | Attorneys for Defendant Dion Corbin |
| Detroit, MI 48226 | 2 Woodward Avenue, Suite 500 |
| 313-963-4311 / Fax 313-995-9146 | Detroit, MI 48226 |
| mmag100@aol.com | (313) 237-5082 / Fax: (313) 224-5505 |
| | Ben.Patterson@detroitmi.gov |

---

**ANSWER BY DEFENDANT DION CORBIN
TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES,
RESERVATION OF AFFIRMATIVE DEFENSES, AND JURY DEMAND**

    NOW COMES Defendant DION CORBIN, by and through the undersigned counsel, and in response to Plaintiff's Complaint,[1] answers as follows:

---

[1] Pursuant to Section 35-2-105 of the Detroit City Code, undersigned counsel reserves the right to withdraw as counsel for an individually named defendant in the event their requests for representation is not approved by the Detroit City Council.

1

1. Defendant denies this paragraph for the reason that it is untrue.

2. Contains a legal conclusion and therefore no response is required; Defendant denies any and all allegations of his wrongdoing as untrue.

3. Defendant denies this paragraph for the reason that it is untrue.

4. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

5. Contains a legal conclusion and therefore no response is required; Defendant denies any and all allegations of his wrongdoing as untrue.

6. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

7. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

8. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or

information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

9. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

10. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

11. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

12. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

13. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or

information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

14. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

15. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

16. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

17. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

18. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or

information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

19. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

20. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

21. Defendant denies this paragraph for the reason that it is untrue.

22. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

23. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

24. Defendant denies this paragraph for the reason that it is untrue.

25. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

26. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

27. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

28. Defendant neither admits nor denies the allegations of the corresponding paragraph of the complaint because he lacks knowledge or information sufficient to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

29. Contains a legal conclusion and therefore no response is required; Defendant denies any and all allegations of his wrongdoing as untrue.

30. Contains a legal conclusion and therefore no response is required; Defendant denies any and all allegations of his wrongdoing as untrue.

31. Defendant denies this paragraph for the reason that it is untrue. Further answering, Defendant's understanding is that Plaintiff has already retrieved all her property that was allegedly confiscated.

32. Contains a legal conclusion and therefore no response is required; Defendant denies any and all allegations of his wrongdoing as untrue.

WHEREFORE, Defendant respectfully requests a judgment of no cause of action with prejudice and with costs and fees awarded to Defendant.

DATED: October 26, 2023                             Respectfully submitted,

                                                                      /s/ *Ben Patterson*
**BEN PATTERSON (P85118)**
Senior Assistant Corporation Counsel
Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5082
Ben.Patterson@detroitmi.gov

## SPECIAL AND AFFIRMATIVE DEFENSES

Defendant DION CORBIN, by and through the undersigned counsel, states the following affirmative defenses:

1. Plaintiff's request for injunctive relief is moot, as Plaintiff has already retrieved all her property that was allegedly confiscated.

2. Plaintiff may have failed to state a claim against Defendant upon which relief can be granted.

3. Plaintiff's claims may be barred, in whole or in part, by the lapsing of the applicable statute(s) of limitations.

4. No genuine issue of material fact exists as to any of Plaintiff's claims and/or allegations.

5. Plaintiff may have failed to join each and every (indispensable) party in these causes of action.

6. Defendant asserts as an affirmative defense that Plaintiff may have failed to mitigate damages.

7. At all relevant times, Defendant acted with objective good faith, his actions being reasonable, proper and in all respects legal; he therefore has qualified immunity from suit on Plaintiff's claims.

8. The stop, arrest, search, seizure, and/or detention of the Plaintiff was supported by reasonable suspicion, probable cause, exigent circumstances, and/or a valid warrant.

9. Governmental immunity and/or qualified immunity renders the Defendant immune to Plaintiff's claims. Defendant's actions were objectively reasonable, legal, and proper under the facts and circumstances presented. Qualified immunity protects "all but the plainly incompetence or those who knowingly violate the law." *Sova v. City of Mt. Pleasant*, 142 F.3d 898 (6th Cir. 1998).

10. Defendant is protected from liability on the Plaintiff's claims by governmental immunity. Defendant acted in good faith, without malice, within the scope of their employment and were performing a discretionary function. As such, defendant is immune as to all state intentional torts because liability under § 1983 cannot be premised on negligent conduct. *See Daniel v. Williams*, 474 U.S. 327 (1986).

11. To the extent, if any, that Defendant officers or anyone acting at the direction of or in concert with them used force against the Plaintiff, each such use of force was privileged and lawful because the force was reasonably applied in the execution of a lawful arrest, in the lawful performance of other police duties or in self-defense or defense of others.

12. Plaintiff's claims may be barred in whole or in part based on collateral estoppel/issue preclusion, including from the underlying criminal court case proceedings.

13. Defendant did not implicitly authorize, approve or knowingly acquiesce in unconstitutional conduct of any type. In addition, Defendant neither encouraged the specific incident of alleged misconduct, nor did Defendant directly participate in it in any fashion. Further, Defendant possessed no information revealing a strong likelihood that subordinate officers engaged in unconstitutional

conduct, nor did Defendant have the opportunity to prevent any alleged unconstitutional conduct.

14. Defendant is governmentally immune pursuant to the Governmental Immunity Act. MCL 691.1401 *et. seq.*

15. Plaintiff is not entitled to treble, exemplary, or punitive damages where there is no allegation of malicious prosecution or where there is no genuine issue of material fact as to malice, good faith acts, probable cause, and where proceedings did not terminate in Plaintiff's favor.

16. The actions of the police officers were reasonable, lawful and proper, and probable cause existed for the search, arrest, seizure, detention, and/or use of force upon Plaintiff.

17. The police officers had reasonable cause to believe that an offense had been committed and that Plaintiff had committed the offense.

18. To the extent Plaintiff predicates Defendant's liability upon vicariously asserted state law tort theories of recovery, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

19. Defendants currently lack information and knowledge sufficient to form a belief as to whether negligence or other wrongdoing on the part of any third party which contributed to the injuries alleged in the Complaint. Defendants plead

the defense of intervening and/or supervening negligence in the event that negligence or other wrongdoing of a third party contributed to the alleged injuries.

20. Any alleged "vicarious liability" or "respondent superior liability" does not apply to § 1983 based claims for the acts or omissions of employees and is barred as a matter of law.

21. There was no malicious, willful, or reckless or wanton disregard.

22. Plaintiff will not be able to establish that Defendant was "deliberately indifferent" to plaintiff's constitutional rights or that Defendant maintained any type of practice, custom, policy, or procedure, that was the "moving force" behind any claimed violation of Plaintiff's federal constitutional rights.

23. To the extent Plaintiff alleges Defendant acted in violation of 42 USC 1983, Plaintiff fails to state a claim upon which relief may be granted because 42 USC 1983 is an enabling statute which provides Plaintiff no substantive rights.

24. The alleged deprivation was not of an established right and/or there was no constitutional violation, and defendant police officer acted in a reasonably objective manner. Therefore, Defendant is shielded by the doctrine of qualified immunity.

DATED: October 26, 2023                    Respectfully submitted,

                                           /s/ *Ben Patterson*
                                           **BEN PATTERSON (P85118)**
                                           Senior Assistant Corporation Counsel
                                           Coleman A. Young Municipal Center

2 Woodward Avenue, Suite 500  
Detroit, MI  48226  
(313) 237-5082  
Ben.Patterson@detroitmi.gov

## **RESERVATION OF ADDITIONAL DEFENSES**

Defendant DION CORBIN, in the above captioned matter, by and through counsel, reserves the right to assert and file any affirmative and special defenses which may become known by investigation or discovery proceedings in accordance with the rules and practices of this Court.  Further, Defendant does not waive any deficiency or omission in any pleadings filed by any other party to this suit regardless of when filed.

DATED: October 26, 2023                      Respectfully submitted,

                                          /s/ *Ben Patterson*  
                                         **BEN PATTERSON (P85118)**  
Senior Assistant Corporation Counsel  
Coleman A. Young Municipal Center  
2 Woodward Avenue, Suite 500  
Detroit, MI  48226  
(313) 237-5082  
Ben.Patterson@detroitmi.gov

## DEFENDANT'S JURY DEMAND

By and through undersigned counsel, Defendant DION CORBIN hereby demands a trial by jury.

DATED: October 26, 2023                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　 /s/ *Ben Patterson*
　　　　　　　　　　　　　　　　　　　　　　**BEN PATTERSON (P85118)**
　　　　　　　　　　　　　　　　　　　　　　Senior Assistant Corporation Counsel
　　　　　　　　　　　　　　　　　　　　　　Coleman A. Young Municipal Center
　　　　　　　　　　　　　　　　　　　　　　2 Woodward Avenue, Suite 500
　　　　　　　　　　　　　　　　　　　　　　Detroit, MI  48226
　　　　　　　　　　　　　　　　　　　　　　(313) 237-5082
　　　　　　　　　　　　　　　　　　　　　　Ben.Patterson@detroitmi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on **October 26, 2023,** I electronically filed the foregoing papers with the Court Clerk using the ECF system, which will send notice to counsel of record.

　　　　　　　　　　　　　/s/ *Andrea Strong*
　　　　　　　　　　　　　Andrea Strong